STATE OF LOUISIANA

VERSUS

LEROY TATE

NO. 22-KA-367

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-5265, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


April 26, 2023


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Robert A. Chaisson


**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO AND
FOUR AFFIRMED; REMANDED FOR RESENTENCING ON COUNT
ONE AND FOR CORRECTION OF UCO**
   **RAC**
   **SMC**
   **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
LEROY TATE
      Jane L. Beebe

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Honorable Paul D. Connick, Jr.
      Thomas J. Butler
      Monique D. Nolan
      Rachel L. Africk
      Stephen Downer

**CHAISSON, J.**

Defendant, Leroy Tate, appeals his convictions and sentences for one count of attempted second degree kidnapping and two counts of simple robbery. For the reasons that follow, we affirm defendant's convictions and his sentences on counts two and four; however, we remand the matter for resentencing on count one and for correction of errors patent as noted herein.

## PROCEDURAL HISTORY

On October 28, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant with attempted second degree kidnapping of Sheena Cheneau, on or about June 2, 2018, in violation of La. R.S. 14:27 and La. R.S.14:44.1 (count one). At the October 31, 2019 arraignment, defendant pled not guilty. On April 17, 2020, the State filed a superseding bill of information charging defendant with attempted second degree kidnapping of Sheena Cheneau, on or about June 2, 2018, in violation of La. R.S. 14:27 and La. R.S. 14:44.1 (count one); simple robbery of Sheena Cheneau, on or about June 2, 2018, in violation of La. R.S. 14:65 (count two); attempted simple kidnapping of Sheena Cheneau, on or about November 19, 2017, in violation of La. R.S. 14:27 and La. R.S. 14:45 (count three); and simple robbery of Sheena Cheneau, on or about November 19, 2017, in violation of La. R.S. 14:65 (count four). On May 26, 2020, defendant pled not guilty to the charges in the superseding bill.

On January 25, 2022, prior to the commencement of trial, the State dismissed count three of the bill of information (attempted simple kidnapping), and the matter thereafter proceeded to trial before a twelve-person jury on the remaining counts. On January 26, 2022, after considering the evidence presented, the jury unanimously found defendant guilty as charged on counts one, two, and four.

On February 14, 2022, defendant filed a "Motion in Post Verdict Judgment of Acquittal, Arrest of Judgment, and Alternatively Motion for New Trial," which the trial court denied. After defendant waived sentencing delays, the trial court sentenced him to imprisonment at hard labor for fifteen years on count one and seven years on counts two and four, to run concurrently. Defendant subsequently filed a motion to reconsider sentence, which the trial court denied. Defendant now appeals.

## FACTS

At trial, Sheena Cheneau, the victim, testified regarding her relationship with defendant and the incidents that occurred on November 19, 2017, and on June 2, 2018. According to Ms. Cheneau, she met defendant at a Mardi Gras parade in 2017, and they soon began dating. The courtship moved quickly, and defendant eventually moved in with her and her son in New Orleans. Ms. Cheneau relayed that the relationship started off well, but defendant was jealous of other men. Due to this issue, Ms. Cheneau, who owned a cigar bar in Metairie, tried to keep her business life and family life separate, which caused many disagreements between the couple.

Ms. Cheneau recalled that on November 19, 2017, she was hosting a friend's birthday celebration at her cigar club. As Ms. Cheneau was speaking to a male guest, defendant entered the lounge. Defendant approached Ms. Cheneau to inquire about the male guest, whom he accused of flirting with her. To avoid discussing the matter in front of the patrons, Ms. Cheneau proceeded to walk to her office located at the rear of the lounge. As Ms. Cheneau walked to her office, defendant walked directly behind her and "knocked" her in the head. Ms. Cheneau testified that once they were in her office, defendant hit her again, took her personal cell phone and keys, and then left her office. She then followed defendant to the parking lot to try to get her phone and keys back, at which point he assaulted

her again. By this time, some patrons had exited the club to assess the situation. Defendant then left the premises in Ms. Cheneau's vehicle while maintaining her cell phone and keys.[1]

According to Ms. Cheneau, defendant later returned to the club to pick her up and drive her home. Once in the car with defendant, the two started arguing and defendant began hitting her. Instead of going to her residence, defendant travelled to a vacant lot in New Orleans East, removed her from the vehicle, and continued hitting her. Ms. Cheneau eventually convinced defendant to drive her to the hospital for treatment because she believed she was having a miscarriage. The hospital called the police, but Ms. Cheneau did not want to pursue charges at that time. After this incident, she ended her relationship with defendant and moved in with her parents.

Sometime thereafter, the cigar lounge was damaged in a fire and closed. However, by June of 2018, Ms. Cheneau restored the building and reopened her business under a new name. On June 2, 2018, Ms. Cheneau was at her business training her new employees for an upcoming event. As she was doing so, Ms. Cheneau observed a white sedan continuously driving in front of the building. The car eventually stopped, and the driver started blowing the horn. The female employee went outside to investigate and was met by a man asking for Sheena. Ms. Cheneau then went outside to check on the employee, at which time defendant saw her. According to Ms. Cheneau, defendant ran and jumped the iron fence to get into the courtyard of the premises. Ms. Cheneau screamed, prompting the male employee to step outside to check what was happening. Ms. Cheneau testified that defendant then made a gesture to the employee indicating he possibly had a

_____

[1] At the time of the November 19, 2017 incident, the cigar club was equipped with surveillance cameras that recorded the altercation. These surveillance videos were played for the jury.

weapon. Ms. Cheneau told the two employees to leave and call the police, which they did.[2]

Ms. Cheneau stated that defendant was angry and inquired about her "sleeping with the man in there." Ms. Cheneau was scared and attempted to reassure defendant that nothing transpired between her and her employee by bringing him to the bathroom and showing him that she was menstruating at that time. She reported that defendant started pushing her around, and as she was on the ground, defendant pulled out a gun and placed it at the back of her head. She stated defendant inquired about her vehicle, which was not located on the premises. At some point, while defendant searched for her vehicle, he forced Ms. Cheneau over a fence with him as he dragged her by her right arm. As he was dragging her, a police unit approached the building. Defendant immediately released Ms. Cheneau and ran from the premises. Ms. Cheneau advised the responding officer, Deputy Allen Flettrich of the Jefferson Parish Sheriff's Office, that defendant had a gun and took her cell phone and keys.[3]

At trial, Deputy Flettrich testified about his observations upon arrival at the scene. He recalled that as he approached the scene, he observed a black male pulling a black female. He described the female as being in a seated position on the ground as she struggled to be released from the male, who had his left arm around her neck while dragging her approximately three to five feet. Once he activated his patrol vehicle's sirens and proceeded to exit his vehicle, Deputy Flettrich observed the male release the female and quickly reach into his right waistband, which implied to the deputy that he possibly had a gun. When the

---

[2] The 9-1-1 call, which began around 1:07 a.m. on June 2, 2018, was played for the jury. In that recording, the female caller stated that her friend, Sheena, was being beaten by her ex-boyfriend, who may have a gun, and that assistance was needed immediately. The caller identified the ex-boyfriend as "Brandon" and described him as a tall black male wearing a red shirt.

[3] Ms. Cheneau testified that there was no video surveillance footage of the June 2, 2018 incident because the surveillance cameras had not yet been installed at the restored building.

officer thereafter identified himself and issued a stop command, the subject, who was wearing a red shirt and dark pants, quickly fled the scene. Deputy Flettrich testified that as he canvassed the area, he noticed a white car exiting the premises; however, he did not stop the vehicle because the driver did not fit the description of the suspect. Soon thereafter, other units arrived and began to look for the suspect, but they were unable to locate him. Following the incident, Ms. Cheneau provided the police with a written statement, asserting that Leroy Tate, her ex-boyfriend, hit her, dragged her, and took her keys and phone. She also relayed, in the statement, that she saw a small caliber "black with grey" gun.

Thereafter, Ms. Cheneau went to her parents' home in New Orleans. Later that morning, Lieutenant Darren Monie, who conducted the follow-up investigation, travelled to her parents' house to take a statement from Ms. Cheneau. While on his way, Lieutenant Monie received a telephone call from Ms. Cheneau's mother, who informed him that officers from the New Orleans Police Department (NOPD) were at her residence and had arrested Ms. Cheneau based on an outstanding warrant. With regard to this warrant, Sergeant Gregory Powell of the NOPD explained that at approximately 3:30 a.m. on June 2, 2018, defendant filed a report of domestic violence on the basis that Ms. Cheneau had pointed a gun at him, which resulted in the warrant being issued. Through investigation, the officers learned that Ms. Cheneau could not have committed the crime alleged by defendant. The warrant was thereafter recalled, and she was released from custody.

Lieutenant Monie later obtained a recorded statement from Ms. Cheneau about the incident that occurred on June 2, 2018, at her cigar lounge. Lieutenant Monie also contacted the two employees who were present at the time of the incident but was ultimately unable to obtain statements from them. Following completion of the investigation, defendant was arrested.

At trial, defendant testified on his own behalf and presented a different version of events. Defendant stated that on November 19, 2017, he and Ms. Cheneau travelled together to her club. At some point, they had an altercation, and Ms. Cheneau threw a drink in his face. Defendant reported that in retaliation, he approached Ms. Cheneau while she was talking to another man in the cigar lounge. While defendant identified himself as the individual in the surveillance videos, he asserted that the videos were altered to omit the initial altercation when Ms. Cheneau threw a drink on him. During his testimony, defendant admitted that he struck Ms. Cheneau and took possession of the cell phone that was in her hand; however, he maintained that the cell phone in her hand that he took was actually his cell phone. He also denied taking possession of Ms. Cheneau's keys; instead, he claimed that he had possession of the keys to the vehicle since he drove the couple to the cigar lounge. During his testimony, defendant confirmed that he left the cigar lounge to de-escalate the situation but returned later to pick up Ms. Cheneau. Defendant recalled that while they were on the way home, Ms. Cheneau was not feeling well and complained of cramping, which prompted him to bring her to the hospital. Defendant denied driving her out to New Orleans East before bringing her to the hospital. While at the hospital, defendant was arrested by NOPD.

According to defendant, in December of 2017, he received a protective order to stay away from Ms. Cheneau. Despite this order, the two had some contact, but they were not involved in a relationship in June of 2018. Defendant denied going to Ms. Cheneau's club on June 2, 2018. Rather, he claimed that on June 2, 2018, at approximately 12:00 -12:15 a.m., Ms. Cheneau arrived at his parents' residence in New Orleans in a gray SUV. At the time, defendant was outside sitting on a car. According to defendant, Ms. Cheneau pulled up in the car and asked him who he was talking to, at which time defendant replied, "That's a man I'm talking to."

Defendant relayed that Ms. Cheneau then pulled out a black gun, cocked it back, and stated, "B, I'll kill you out here." Ms. Cheneau then drove away. Defendant claimed he was reluctant to involve law enforcement but eventually called NOPD and reported the incident.

Bettie Frazier testified as a defense witness at trial. In accord with defendant's testimony, she conveyed that on June 2, 2018, at approximately 12:15 a.m., she was in her parked car, outside the residence of defendant's mother, getting ready to travel home to Baton Rouge. At that time, she observed a female in a gray SUV drive up and wave a gun at defendant. Despite seeing this, Ms. Frazier did not call police at this time even though she had a cell phone. Rather, she proceeded home to Baton Rouge and then contacted the Orleans Parish Jail.

## SUFFICIENCY OF THE EVIDENCE

In his sole assignment of error on appeal, defendant challenges the sufficiency of the evidence used to convict him of attempted second degree kidnapping. He specifically contends that the trial court erred in denying his motion for post-verdict judgment of acquittal and new trial because the State failed to prove beyond a reasonable doubt the identity of the perpetrator and that he had a gun or intimated that he had a gun during the June 2, 2018 incident.

In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Neal*, 00-674 (La. 6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).

In the present case, defendant was found guilty of one count of attempted second degree kidnapping, in violation of La. R.S. 14:44.1 and La. R.S. 14:27.

Second degree kidnapping is defined in La. R.S. 14:44.1, in relevant part, as the "forcible seizing and carrying of any person from one place to another" wherein the victim is "imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon." La. R.S. 14:27 defines an attempt as follows:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

Encompassed in proving the elements of any offense is the necessity of proving the identity of the defendant as the perpetrator. When the key issue in the case is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof under *Jackson*. *State v. Taylor*, 99-296 (La. App. 5 Cir. 7/27/99), 740 So.2d 216, 222, *writ denied*, 99-2609 (La. 3/17/00), 756 So.2d 322.

In his appellate brief, defendant challenges his attempted second degree kidnapping conviction, contending that the State failed to prove beyond a reasonable doubt his identity as the man in the parking lot with Ms. Cheneau on June 2, 2018, and further failed to prove that this person had a gun or implied that he had a gun. To support this argument, defendant points out that only Ms. Cheneau identified him as the perpetrator in the parking lot, whereas both he and Ms. Frazier presented testimony that he was at a family function at his parents' house that evening and was not in Metairie. Further, defendant asserts that this defense testimony is supported by the police report that he filed with NOPD, alleging Ms. Cheneau went to his parents' house just after midnight on June 2, 2018, and waived a gun at him from an SUV. Defendant also claims that Deputy Flettrich did not see a gun, and the only indication that the perpetrator had a gun was Ms. Cheneau hollering to the officer that the man had one.

Having thoroughly reviewed the evidence presented at trial, we find no merit to defendant's arguments and conclude that the State proved beyond a reasonable doubt all the elements of the offense of attempted second degree kidnapping, including his identity as the perpetrator and his use of a firearm during the commission of the offense.

At trial, Ms. Cheneau testified that on June 2, 2018, defendant arrived at her cigar lounge while she was training employees, and once he caught sight of her outside, he jumped the fence to access the courtyard of the premises. Ms. Cheneau screamed, prompting the male employee to step outside to see what was happening. Ms. Cheneau testified at trial that defendant made a gesture to the employee indicating he possibly had a gun. Pursuant to Ms. Cheneau's directive, the two employees left to call the police. Ms. Cheneau's testimony further revealed that defendant followed her into the lounge where a physical fight ensued. According to Ms. Cheneau, defendant pushed her around, and at some point, while she was on the ground, he pulled out a firearm, placed it to the back of her head, and forced her to exit the building as he inquired about the location of her vehicle. As he searched for her vehicle, defendant forced her over the fence with him as he dragged her by her arm.

Deputy Flettrich, the responding officer, testified that upon his arrival at the scene, he observed a black male pulling a black female. He described the female as being in a seated position on the ground as she struggled to be released from the black male who had his left arm around her neck while dragging her approximately three to four feet. Deputy Flettrich further relayed that once he activated his patrol vehicle's sirens and proceeded to exit the vehicle, he observed the male release the female and reach into the right waistband of his pants, which implied to the deputy that he had a firearm.

In addition to this evidence, the jury heard the 9-1-1 audio recording for June 2, 2018, wherein Ms. Cheneau's employee requested assistance at the cigar lounge because Ms. Cheneau's ex-boyfriend was there. In the 9-1-1 audio recording, the employee reported that the ex-boyfriend had a gun and that he slapped Ms. Cheneau. Also, in her handwritten statement to JPSO after the June 2, 2018 incident, Ms. Cheneau reported that Leroy Tate, her ex-boyfriend, arrived at the lounge, hit her, dragged her, and took her keys and phone. She also relayed, in the statement, that she saw a small caliber "black with grey" gun.

At trial, defendant presented a different version of events for the jury's consideration. During his testimony, defendant denied going to Ms. Cheneau's club on June 2, 2018, and maintained that he was at his parents' house in New Orleans. According to defendant, on June 2, 2018, at approximately 12:00 -12:15 a.m., Ms. Cheneau arrived at his parents' residence in a gray SUV, pulled up to defendant who was outside sitting on a car, asked him who was he talking to, and then pulled out a black gun, cocked it back, and stated, "B, I'll kill you out here." Ms. Cheneau then drove away, and several hours later, defendant reported the incident to police. Defendant also testified that the 9-1-1 audio recording from June 2, 2018, identified Ms. Cheneau's ex-boyfriend as "Brandon," which he emphasized was not him.

In accord with defendant's testimony, Ms. Frazier conveyed that on June 2, 2018, at approximately 12:15 a.m., she was in her parked car, outside the residence of defendant's mother, getting ready to travel home to Baton Rouge. At that time, she observed a female in a gray SUV drive up and wave a gun at defendant.

In the present case, the jury heard this conflicting testimony and obviously chose to believe the testimony of Ms. Cheneau over that of defendant and Ms. Frazier. It is not the function of the appellate court to assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So.2d 442, 443. The

trier of fact shall evaluate credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. *State v. Bradley*, 03-384 (La. App. 5 Cir. 9/16/03), 858 So.2d 80, 84, *writs denied*, 03-2745 (La. 2/13/04), 867 So.2d 688 and 08-1951 (La. 1/30/09), 999 So.2d 750.

Additionally, under Louisiana law, a victim's or witness's testimony alone is usually sufficient to support the verdict. *State v. Munson*, 12-327 (La. App. 5 Cir. 4/10/13), 115 So.3d 6, 13, *writ denied*, 13-1083 (La. 11/22/13), 126 So.3d 476. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Anderson*, 18-45 (La. App. 5 Cir. 10/17/18), 258 So.3d 997, 1004, *writ denied*, 18-1848 (La. 4/15/19), 267 So.3d 1131.

Based on the foregoing, we conclude that a rational trier of fact could have found that the evidence was sufficient under *Jackson* to support defendant's conviction for attempted second degree kidnapping.[4] Therefore, the trial court did not abuse its discretion in denying defendant's motion for post-verdict judgment of acquittal and new trial.

## ERRORS PATENT REVIEW

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

Our review reveals that defendant received an illegally lenient sentence with regard to the restriction of benefits on count one. In the present case, the trial court sentenced defendant to imprisonment at hard labor for fifteen years on the

---

[4] On appeal, defendant challenges the sufficiency of the evidence as to his attempted second degree kidnapping conviction. We nonetheless note that our review of the record reflects that the State presented sufficient evidence under the *Jackson* standard to establish the essential statutory elements of the two counts of simple robbery as set forth in La. R.S. 14:65.

attempted second degree kidnapping conviction. At the time of the offense,[5] La. R.S. 14:44.1(C) stated, "Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence." La. R.S. 14:27(D)(3), the attempt statute, provides, "In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."

Thus, the trial court imposed an illegally lenient sentence by failing to stipulate that at least one year of defendant's sentence for attempted second degree kidnapping, which is one-half of the statutory restriction, be served without benefit of parole, probation, or suspension of sentence. Accordingly, we remand the matter for resentencing as to count one and instruct the trial court to impose at least one year of the disposition without benefit of parole, probation, or suspension of sentence in compliance with La. R.S. 14:44.1(C) and La. R.S. 14:27(D)(3). *See State v. Hayman*, 20-323 (La. App. 5 Cir. 4/28/21), 347 So.3d 1030, 1045.

We also note an inconsistency in the uniform commitment order (UCO) regarding the date of the offense. The UCO indicates that the date of the offense on count four was June 2, 2018. However, the superseding bill of information and the transcript reflect that the date of the offense on count four was November 19, 2017. Accordingly, we remand this matter to the trial court with instructions to correct the UCO to reflect the correct date of the charged offense on count four. We direct the Clerk of Court for the 24th Judicial District Court to transmit the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art.

---

[5] The law in effect at the time of the commission of the offense is determinative of the penalty imposed. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518, 520.

892(B)(2) and to the Department of Corrections' legal department. *State v. Fisher*, 19-504 (La. App. 5 Cir. 12/23/20), 307 So.3d 1204, 1227, *writ denied*, 21-130 (La. 5/4/21), 315 So.3d 219.

Accordingly, for the reasons set forth herein, we affirm defendant's convictions and his sentences on counts two and four. We remand the matter to the trial court for resentencing on count one and for correction of the UCO in accordance with this Court's instructions provided herein.

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO AND FOUR AFFIRMED; REMANDED FOR RESENTENCING ON COUNT ONE AND FOR CORRECTION OF UCO**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-367**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

### MAILED
JANE L. BEEBE (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
POST OFFICE BOX 463
ADDIS, LA 70710

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
RACHEL L. AFRICK (APPELLEE)
STEPHEN DOWNER (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053